Minnie Ethel ROGERS and Emily H. Christian, Appellants, v. M. Tilford JONES et al., Appellees (two cases).

Nos. 9637, 9638.

Court of Civil Appeals of Texas. San Antonio.

Oct. 10, 1934.

Rehearing Denied Nov. 5, 1934.

See, also, Plainview Bldg. & Loan Ass'n v. Robbins (Tex. Sup.) 73 S.W.(2d) 92.

John J. Pichinson, of Corpus Christi, for appellants.

John C. North, of Corpus Christi, for appellees.

SMITH, Justice.

These appeals are from orders denying injunctions restraining the trustees named and so empowered in deeds of trust from advertising and selling certain real properties in Nueces county to satisfy deed of trust liens covering said properties.

The actions were brought under the current so-called Moratorium Statute (Acts 1934, 43d Leg. 2d Called Sess. c. 16, p. 42, S. B. 3 [Vernon's Ann. Civ. St. art. 2218b note]).

After hearings upon the merits, the trial judges denied the injunction in both cases upon the pleadings and evidence. The property owners have appealed from the adverse orders, but have not briefed the cases. Pending the hearing of the appeals, this Court enjoined the threatened sales, in aid of its jurisdiction.

We have carefully considered the bills and answers, as well as the statements of fact, and are of the opinion that the trial court did not err in denying the injunctions, and that being the case we have but to dissolve the injunctions heretofore granted by this court and affirm the judgments.

BICKETT, C. J., did not participate in the decision of these cases.

T. G. SHAW OIL CORPORATION v. UNITED STATES TORPEDO COMPANY.

No. 12981.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 14, 1934.

Rehearing Denied Nov. 2, 1934.

C. W. Goerte and L. H. Brittain, both of Fort Worth, for appellant.

McGown & McGown, H. L. Logan, Jr., and B. E. Godfrey, all of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellant has filed a brief which contains no assignments of error and gives no citations to any pages of the transcript or the statement of facts. Its propositions suggest that certain exceptions of appellant to appellee's pleadings were overruled and certain exceptions of appellee to appellant's pleadings and appellee's plea to the jurisdiction of the court to consider the cross-action of appellant were sustained but such orders are not pointed out, and we are unable to find any of them in the transcript. The record does not show, so far as our search has disclosed, that any testimony to support the cross-action was offered by appellant.

A proposition complains of the admission of some testimony by "plaintiff's witness," but no statement is made thereunder, and we are not pointed to the record where this alleged error was committed or exception reserved.

The motion for rehearing is granted. The judgment of this court heretofore rendered herein is set aside, our former opinion is withdrawn, and the judgment of the trial court is affirmed.